WALTER F. CROWELL *vs.* MARIA L. ROSE *et al.*

JULY 2, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Wills. Trusts. Construction.*

By the terms of a will trustee was directed to pay one-half of the net income to B., the son of testator, for life, and the other half in equal shares to C. and D., the daughters of B., for life.   The will provided that in case of the death of either C. or D. the trustee was to pay over that portion of the income in equal shares to the child or children of C. or D., and in case of the death of C. or D. without leaving a child, then to pay over the share so given to the survivor.   The will further provided that in case of the death of B. the trustee should pay over that portion of the income in equal shares to C. and D. "in the same manner as hereinbefore provided."

No further provision was made for the payment of the income and no direction was given as to the disposition of the principal.

B. died, leaving C. and D. as his heirs at law.   C. died, leaving two daughters, E. and F.   F. died, leaving a daughter, G.

*Held,* that it was the purpose of testator to provide for his grandchildren and their children to the exclusion of all others.

*Held,* further, that there was no intent to provide an income for the great-great-grandchildren.

*Held,* further, that the undivided one-fourth part from which the income was paid to F. should be held in trust and the income paid to E.

*(2) Wills. Construction. "Children."*

The word "children" as ordinarily used in a will means immediate descendants, that is of the first generation.   It does not include grandchildren unless it is necessary to give it that meaning to give effect to the will or unless testator has clearly shown by other language that he intends it to have a more extended signification.

BILL IN EQUITY, seeking interpretation of will.   Certified from Superior Court.

VINCENT, J. This case comes before this court for the construction of the will of Christian M. Nestell. Walter F. Crowell, substitute trustee under said will, filed in the Superior Court his bill of complaint against the several parties in interest, setting out his title as trustee under said will to certain property, real and personal, and asking for an interpretation of said will and instructions as to his duties as trustee thereunder and as to what disposition he should make as such trustee of certain property held by him in trust.

The several respondents by their answers admitted the allegations of the bill and joined in the prayer thereof, whereupon a decree was entered in the Superior Court certifying the case to this court as provided by law. The facts as set forth in the bill of complaint are as follows:

Christian M. Nestell died in Providence, February 26, 1880, leaving a will which was duly admitted to probate, wherein Charles E. Carpenter is named as trustee. Upon the death of Mr. Carpenter in 1898, Walter F. Crowell, the complainant, was appointed by the Supreme Court trustee in place of said Charles E. Carpenter.

The testator, Christian M. Nestell, left a son, Christian B. Nestell, as his only heir at law, who died April 1, 1906. Christian B. Nestell left two daughters, Ann J. Clough and the respondent, Maria L. Rose, as his only heirs at law. Maria L. Rose is now living and has a daughter, the respondent, Louise N. Rose Palmer. Ann J. Clough died December 27, 1907, leaving as her heirs at law two daughters, the respondent, Sarah R. Crowell, and Flora I. Adams, who died May 1, 1908. Flora I. Adams left as her only heir at law a daughter, the respondent, Ethel E. Adams.

By the terms of the will of Christian M. Nestell, the trustee was directed to pay one-half of the net income to Christian B. Nestell, "for and during the term of his natural life," and the other one-half in equal shares to Maria L. Rose and Ann J. Clough, "for and during the term of their natural lives."

The will then provides that upon the death of either Maria L. Rose or Ann J. Clough, the trustee was "to pay over that portion of said income so given to said deceased for life in equal shares to the child or children of said deceased." In case of the death of either Maria L. Rose or Ann J. Clough without leaving a child, then the trustee was "to pay over the share or portion so given to such deceased for life to the survivor of them, the said Maria L. Rose and Ann J. Clough, in manner as aforesaid."

The will further provides that upon the death of Christian B. Nestell, the trustee should "pay over the share or portion of said income and produce so given to him for life in equal shares to my said granddaughters, Maria L. Rose and Ann J. Clough, in the same manner as hereinbefore provided."

No other or additional provision is made for the payment by the trustee of the net income arising from said trust estate, nor is any direction given to the trustee as to what disposition shall be made of the principal of said trust estate.

Since the death of the testator, the trustee has disbursed the net income from the trust estate as follows:

From February 26, 1880, to April 1, 1906, one-half to Christian B. Nestell, one-fourth to Maria L. Rose, and one-fourth to Ann J. Clough.

From April 1, 1906, to December 27, 1907, one-half to Maria L. Rose, and one-half to Ann J. Clough.

From December 27, 1907, to May 1, 1908, one-half to Maria L. Rose, one-fourth to Sarah R. Crowell, and one-fourth to Flora I. Adams.

From May 1, 1908, to date, one-half to Maria L. Rose, one-fourth to Sarah R. Crowell, and the other one-fourth remains undistributed in the hands of the complainant as trustee.

By the terms of the will the rest and residue of the estate was given to "said Charles E. Carpenter, his executors, administrators and assigns, but in trust nevertheless for the

uses and purposes" above indicated. No further disposition of the income or principal of the estate was made.

The complainant, as trustee, prays in general terms for a construction of the will of Christian M. Nestell and for instructions as to his duties as trustee and particularly as to what disposition he shall make of the property held by him as trustee.

The death of Flora I. Adams on May 1, 1908, raises the following questions for determination.

1. What disposition shall be made of the income arising from the undivided one-quarter of said trust estate formerly paid to Flora I. Adams?

  *a.* Shall said income be paid to Ethel E. Adams, the heir at law of Flora I. Adams?

  *b.* Shall said income be paid to Maria L. Rose and Sarah R. Crowell, or to either of them?

  *c.* Shall said income be allowed to accumulate by the trustee until such time as the principal of the trust fund shall be distributed?

2. What disposition shall be made of the undivided one-quarter of the principal of said trust estate held by the trustee from which the income was formerly paid to Flora I. Adams?

  *a.* Shall said undivided one-quarter of said principal be forthwith conveyed to the heirs at law of the testator, Christian M. Nestell, viz.: to Maria L. Rose, one-half; to Sarah R. Crowell, one-quarter, and to Ethel E. Adams, one-quarter.

  *b.* Shall said undivided one-quarter of said principal be forthwith conveyed to Ethel E. Adams, the heir at law of Flora I. Adams?

  *c.* Shall said undivided one-quarter of said principal be forthwith conveyed to Maria L. Rose and to Sarah R. Crowell, or to either of them?

The complainant in his brief makes no suggestions or argument as to the proper determination of the questions

raised, but leaves the several parties in interest to present to the court their claims to the property in his hands as to them may seem proper.

From the death of the testator, Christian M. Nestell, on February 26, 1880, to the death of the son, Christian B. Nestell, on April 1, 1906, the trustee paid the income arising from said estate, one-half to Christian B. Nestell, one-quarter to Maria L. Rose, and one-quarter to Ann J. Clough. Upon the death of the son, Christian B. Nestell, on April 1, 1906, to December 27, 1907, the trustee disposed of the income, one-half to Maria L. Rose, and one-half to Ann J. Clough, the daughters of Christian B. Nestell.

Upon the death of Ann J. Clough, December 27, 1907, leaving two daughters, Sarah R. Crowell and Flora I. Adams, to May 1, 1908, the income was paid, one-half to Maria L. Rose, one-quarter to Sarah R. Crowell, and one-quarter to Flora I. Adams.

Upon and since the death of Flora I. Adams on May 1, 1908, one-half of the income has been paid to Maria L. Rose, and one-quarter to Sarah R. Crowell, the remaining one-quarter remaining in the hands of the trustee. The disposition of the income of the estate, so far as the same has been made by the trustee, appears to have been in accordance with the intent of the testator as expressed in his will and any discussion as to the propriety or legality thereof would be superfluous.

Flora I. Adams left, as her only heir at law, a daughter, Ethel E. Adams, and the first question which arises is what disposition shall be made of the one-quarter of the income which had been formerly paid to the said Flora I. Adams.

Christian B. Nestell having deceased, the two grand-daughters, Maria L. Rose and Ann J. Clough, became entitled to the one-half part of the income of the estate which had previously been enjoyed by him in addition to the one-half to which they were before entitled under the terms of the will. In other words, upon the death of Christian B. Nestell, Maria L. Rose and Ann J. Clough became entitled

to the income of the whole estate. Maria L. Rose is still living and rightfully in the enjoyment of one-half of the income of the estate and her interests in the matters of the estate under the will do not seem to call for further discussion.

Ann J. Clough deceased, leaving two children, Flora I. Adams and Sarah R. Crowell. Flora I. Adams has now deceased, leaving one child, Ethel E. Adams.

Under the terms of the will the children of either Maria L. Rose or Ann J. Clough upon the decease of the mother would take such mother's share of the income of the estate and the payment of one-half of the income to Maria L. Rose, one-quarter to Sarah R. Crowell, and one-quarter to Flora I. Adams, they being the children of Ann J. Clough, was a proper disposition of the income of the estate down to the time of the decease of Flora I. Adams.

This brings us down to the question, whether upon the decease of Flora I. Adams the one-quarter of the income which had been paid to her should go to her daughter, Ethel E. Adams, or to her surviving sister, Sarah R. Crowell.

In determining this question we must have recourse to the language of the will and, if possible, ascertain therefrom the intent of the testator in that regard. The will provides: "And from after and upon the decease of the said Maria L. Rose and Ann J. Clough, or of either of them, to pay over that portion of said income so given to said deceased for life, in equal shares to the child or children of said deceased. And in case of the decease of either of them the said Maria L. Rose and Ann J. Clough without leaving any such child or children, then in trust to pay over the share or portion so given to such deceased for life, to the survivor of them, the said Maria L. Rose and Ann J. Clough, in manner as aforesaid.

"And from after and upon the decease of my said son, Christian B. Nestell, then in further trust, to pay over the share or portion of said income and produce so given to him for life in equal shares to my said granddaughters, Maria L. Rose and Ann J. Clough, in the same manner as hereinbefore provided."

It seems to us from this language that the testator intended to provide in the first instance an income for his grandchildren, Maria L. Rose and Ann J. Clough, and in the event of the death of either of them, leaving children, such children should enjoy the mother's share. It seems to have been the purpose of the testator to first provide for these grandchildren and their children to the exclusion of all others. The will says, "and from the decease of the said Maria L. Rose and Ann J. Clough, or either of them, to pay over that portion of said income, so given to said deceased for life in equal shares to the child or children of said deceased," and then provides further that if either Maria L. Rose or Ann J. Clough shall die without issue the whole of said income shall be paid to the survivor in the same manner, that is, for life.

It seems to us immaterial, so far as the construction of this will is concerned, whether Ann J. Clough died without issue or left issue which subsequently deceased, for we discover no intent on the part of the testator to provide an income for his great-great-grandchildren.

In the case of *Williams* v. *Knight*, 18 R. I. 333, 336, this court said, "The word children as it is ordinarily used in a will means immediate descendants, that is, of the first generation. It does not include grandchildren unless it is necessary to give it that meaning in order to give effect to the will, or unless the testator has clearly shown by other language in his will that he does not use the word in its ordinary sense, but intends it to have a more extended signification," and the language as thus stated was subsequently approved in the case of *Tiffany* v. *Emmet*, 24 R.-I. 411, 415. We see nothing in the language of the present will which leads us to the conclusion that the testator used the word "children" in any way other than in its ordinary meaning.

It is our decision that the undivided one-fourth part of said trust estate from which the income was formerly paid to Flora I. Adams be held in trust by said trustee and

the income thereof paid to Sarah R. Crowell, that is to say, that the entire income from the trust estate is to be paid to Maria L. Rose and Sarah R. Crowell, in equal shares, and, that the accumulated income, from one-fourth of the estate, now in the hands of the trustee and undistributed since the death of Flora I. Adams, who died May 1, 1908, be paid to Sarah R. Crowell.

This seems to dispose of all the questions submitted to us and to render a more specific statement unnecessary.

The complainant may present to this court on July 6, 1915, a decree in accordance with this opinion.

*C. M. Van Slyck, Frederick A. Jones,* for complainant.
*Arthur E. Munro,* for Maria L. Rose *et al.*
*Mendell W. Crane,* for Ethel E. Adams.